IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:00 CV 459 ~~105~~

mmf

| | |
|---|---|
| Steven Medina, 322 Yacht Club Drive<br>Fort Walton Beach, Fla. 32548 | ) |
| | ) |
| Daniel H. Donaldson, 1648 Seminole Road<br>Jacksonville, Fla. 32205 | ) |
| | ) |
| Bob Nied, 2348 Smullian Trail North<br>Jacksonville, Fla. 32217 | ) |
| | ) |
| Brian Vonn, 512 11th Avenue, South<br>Jacksonville Beach, Fla. 32250 | ) |
| | ) |
| Cheryl Vonn, 512 11th Avenue, South<br>Jacksonville Beach, Fla. 32250 | ) |
| | ) |
| Dave Jantz, 12770 Wilderness Lane East<br>Jacksonville, Fla. 32217 | ) |
| | ) |
| Jennifer Durr, 1367 Elm Bank Way<br>Royal Palm Beach, Fla. 33411, | ) |

                    Plaintiffs,

v.

State of Florida Election Canvassing
Commission, Katherine Harris, the
Secretary of State of Florida, George W.
Bush and Richard Cheney,

                    Defendants.
_____

## DEFENDANTS' NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
       DISTRICT OF FLORIDA

       Defendants hereby give notice that the action styled <u>Steven Medina, et al, v. State of</u>

<u>Florida Election Canvassing Commission, et al</u>, Case No.: 00-2875, in the Circuit Court of the

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

00 DEC -6 PM 5: 06

FILED



Second Judicial Circuit, in and for Leon County, Florida, has been removed to the United States District Court for the Northern District of Florida.

## The Grounds for Removal

This Court has original jurisdiction of this action under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), 1441(b) and 1446.  The action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1441(b) and 1446 for the following reasons:

## Federal Question Jurisdiction

1.      On December 5, 1999, Plaintiffs filed suit against Defendants in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, styled  Steven Medina, et al v. State of Florida Election Canvassing Commission, et al, Case No.: 00-2875.  This Notice of Removal is filed within the time allowed under 28 U.S.C. § 1446(b) as thirty days have not yet expired since the above-referenced Defendants were first served with a copy of the complaint and summons.

2.      In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings served upon Defendants Commission and Defendant Secretary in this action to date are attached to this notice as composite Exhibit A.

3.      This action is a civil suit alleging that Section 1S-2.013 of the Florida Administrative Code is in conflict with Section 101.6103(5) and (6), 101.65 and 101.67 of the Florida Statutes.  Sections 1S-2.013 of the Florida Administrative Code, formerly known as Florida Administrative Code Rule 1C-7.13, was promulgated pursuant to an order issued in USA v. State of Florida, Case No. TCA 80-1055-WS on August 20, 1984.  This order was the result of a consent decree entered into between the United States of America and the State of Florida

2

pertaining to the application of the federal Overseas Citizens Voting Rights Act, 42 USC §§ 1973dd, et seq. and the Federal Voting Assistance Act, 42 USC § 1973cc(b).

4.      Pursuant to 28 U.S.C. § 1441(b), "Any civil action of which the district courts have original jurisdiction, founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties." The Overseas Voting Citizens Rights Act is a law of the United States enacted by Congress with the intention of providing a uniform method of absentee voting for all American citizens registered to vote but living overseas. As provided by 42 USC 1973ff-4, the United States district courts have original jurisdiction of all claims that arise under this federal law. Pursuant to 28 USC § 1441(a) "[a]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

### Compliance With Removal Procedure

5.      As required by 28 U.S.C. § 1446(d), Defendants filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Second Judicial District, in and for Leon County, Florida. A copy of the Notice of Filing the Notice of Removal is attached hereto as Exhibit B. Defendants also served this Notice of Removal upon all adverse parties on the date set forth in the certificate of service below.

6.      The United States District Court for the Northern District of Florida, Tallahassee Division, is the district and division within which the state court action is pending.

7.      Accordingly, defendant has satisfied all the removal prerequisites of 28 U.S.C. § 1446.

3

**Preservation of Defenses**

8.     By filing this Notice of Removal, Defendants do not waive any defense which

may be available to them.

Dated this _____ day of December, 2000.

> **STEEL HECTOR & DAVIS LLP**
> 1900 Phillips Point West
> 777 South Flagler Drive
> West Palm Beach, FL  33401-6198
> Telephone: (561) 650-7200
> Facsimile: (561) 655-1509
>
>
> By: _____
>     JOSEPH P.  KLOCK
>     Fla. Bar. No. 156678
>     JOHN W.  LITTLE III
>     Fla.  Bar No. 384798
>     DAVID I. SPECTOR
>     Fla. Bar No. 086540
>
> Attorneys for Defendants State of Florida Election
> Canvassing Commission and Katherine Harris, the
> Secretary of State of Florida

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above Notice of Removal upon Steven Seliger, Armando Garcia, 16 North Adams Street, Quincy, FL 32351; Bruce Terris, Terris, Pravlik & Millian, LLP, 11231 12th Street, N.W., Washington, D.C.  20005-4632; and  Dick Cheney, Governor George W. Bush, P.O. Box 1902, Austin, TX 78767,  by U.S. Mail, on this 6th day of December, 2000.

David I. Spector

WPB_1998/361809-1

5



IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

00 · 2875

| | |
|---|---|
| Steven Medina, 322 Yacht Club Drive, <br> Fort Walton Beach, Fla. 32548 | ) <br> ) <br> ) |
| Daniel H. Donaldson, 1648 Seminole Road <br> Jacksonville, Fla. 32205 | ) <br> ) <br> ) |
| Bob Nied, 2348 Smullian Trail North <br> Jacksonville, Fla. 32217 | ) <br> ) <br> ) |
| Brian Vonn, 512 11th Avenue, South <br> Jacksonville Beach, Fla. 32250 | ) <br> ) <br> ) |
| Cheryl Vonn, 512 11th Avenue, South <br> Jacksonville Beach, Fla. 32250 | ) <br> ) <br> ) |
| Dave Jantz, 12770 Wilderness Lane East <br> Jacksonville, Fla. 32217 | ) <br> ) <br> ) |
| Jennifer Durr, 1367 Elm Bank Way <br> Royal Palm Beach, Fla. 33411 | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) <br> ) |
| State of Florida Election <br> Canvassing Commission, Katherine <br> Harris, the Secretary of State of Florida, <br> George W. Bush and Richard Cheney | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

COMPLAINT

Plaintiffs Steven Medina, Daniel H. Donaldson, Bob Nied, Brian Vonn, Cheryl Vonn,

Dave Jantz and Jennifer Durr hereby contest the certification of the election of the electors of

George W. Bush and Richard Cheney by the State of Florida Election Canvassing Commission

and Katherine Harris, the Secretary of State of Florida, on November 26, 2000.

## Jurisdiction and Venue

1.    This Court has subject matter jurisdiction as a court of general jurisdiction and under Section 102.168(1) of the Florida Statutes.

2.    Venue is proper in the Second Circuit Court, in and for Leon County, Florida, pursuant to Chapter 102.1685 of the Florida Statutes.

## Parties

3.    Plaintiff Steven Medina was and is a resident and voter in Okaloosa County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Okaloosa County, Florida.  Plaintiff Steven Medina has standing to bring this action under Section 102.168(1) of the Florida Statutes.

4.    Plaintiff Daniel H. Donaldson was and is a resident and voter in Duval County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Duval County, Florida.  Plaintiff Daniel H. Donaldson has standing to bring this action under Section 102.168(1) of the Florida Statutes.

5.    Plaintiff Bob Nied was and is a resident and voter in Duval County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Duval County, Florida.  Plaintiff Bob Nied has standing to bring this action under Section 102.168(1) of the Florida Statutes.

6.    Plaintiff Brian Vonn was and is a resident and voter in Duval County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Duval County, Florida.  Plaintiff Brian Vonn has standing to bring this action under Section

2

102.168(1) of the Florida Statutes.

7.     Plaintiff Cheryl Vonn was and is a resident and voter in Duval County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Duval County, Florida.  Plaintiff Cheryl Vonn has standing to bring this action under Section 102.168(1) of the Florida Statutes.

8.     Plaintiff Dave Jantz was and is a resident and voter in Duval County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Duval County, Florida.  Plaintiff Dave Jantz has standing to bring this action under Section 102.168(1) of the Florida Statutes.

9.     Plaintiff Jennifer Durr was and is a resident and voter in Palm Beach County, Florida, was qualified to vote and did vote in the November 7, 2000, election for presidential electors in Palm Beach County, Florida.  Plaintiff Jennifer Durr has standing to bring this action under Section 102.168(1) of the Florida Statutes.

10.     Defendant State of Florida Election Canvassing Commission receives the reports and county certifications of candidates for state and federal officers and certifies the successful candidates.  The Commission certified, *inter alia*, the election of the electors of George W. Bush and Richard Cheney in the November 7, 2000, presidential election.

11.     Defendant Katherine Harris is the Secretary of State of Florida, whose duties include the certification of state-wide election results.  She certified, *inter alia*, the election of the electors of George W. Bush and Richard Cheney in the November 7, 2000, presidential election.

12.     George W. Bush is the nominee of the Republican Party for President of the United States in the November 7, 2000, election.

3

13.     Richard Cheney is the nominee of the Republican Party for Vice President of the United States in the November 7, 2000, election.

Facts

14.     On November 7, 2000, the election of presidential electors was held in the State of Florida and elsewhere in the United States.

15.     Subsequent to November 7, 2000, the county canvassing or election boards in Florida received mail ballots from overseas which had postmarks on or before November 7, 2000, or were otherwise deemed to have been mailed on or before November 7, 2000.

16.     The county canvassing or election boards counted the ballots described in paragraph 15 above as long as they were received on or before November 17, 2000.

17.     The vote totals certified by the county canvassing and election boards to defendant Harris, the Secretary of the State of Florida on or after November 17, 2000, included the votes counted as described in paragraphs 15 and 16 above and defendant State of Florida Election Canvassing Board and defendant Harris included these votes in the certification of the election of the electors of defendants Bush and Cheney on November 26, 2000.

18.     If the votes for the electors of both Bush-Cheney and Gore-Lieberman contained in the ballots described in paragraphs 15-17 above are deducted from the total votes certified by defendant State of Florida Election Canvassing Commission and defendant Harris on November 26, 2000, the electors of Al Gore and Joseph Lieberman received more votes in the State of Florida than the electors of defendants Bush and Cheney. The official results certified by defendant State of Florida Election Canvassing Commission and defendant Harris on November 26, 2000, state that the electors of Bush-Cheney electors received a total of 2,912,790 votes and

4

the electors of Gore-Lieberman received 2,912,253 votes, a difference of 537. The official

results also show that the electors of Bush-Cheney received 1,575 votes which were received

after 7 p.m. on November 7, 2000, and Gore-Lieberman received 836 such votes, a difference of

739 votes. Thus, if the votes received after 7 p.m. on November 7, 2000, are not counted, the

electors of Gore-Lieberman would win the election.

<u>Claim</u>
Contest of Election
(Chapter 102.168 of the Florida Statutes)

19.     Section 101.6103 of the Florida Statute provides as follows as to mail ballots:

(5) A ballot shall be counted only if:

*          *          *

(c)      It is received by the supervisor of elections not later than 7 p.m. on
the date of the election.

*          *          *

(6) With respect to absent electors overseas entitled to vote in the election, the
supervisor of elections shall mail an official ballot with a secrecy envelope, a
return mailing envelope and instructions sufficient to describe the voting process
to each such elector on a date sufficient to allow such elector time to vote in the
election and to have his or her mailed ballot reach the supervisor by 7 p.m. on the
day of the election.

Section 101.65 of the Florida Statutes further provides:

The supervisor shall enclose with each absentee ballot separate printed
instructions in substantially the following form:

READ THESE INSTRUCTIONS CAREFULLY BEFORE MARKING
BALLOT.

1.VERY IMPORTANT. In order to ensure that your absentee ballot will be
counted, it should be completed and returned as soon as possible so that it can reach
the supervisor of elections of the county in which your precinct is located no later
than 7 p.m. on the day of the election.

5

Section 101.67 of the Florida Statutes similarly provides:

> (2)  All mailed absent elector's ballots to be counted must be received by the supervisor by 7 p.m. the day of the election.

20.      Section 18-2.013 of the Florida Administrative Code provides:

> (7)  With respect to the presidential primary and general election, any absentee ballot cast for a federal office by an overseas elector which is postmarked or signed and dated no later than the date of the Federal election shall be counted if received no later than 10 days from the date of the Federal election as long as electors shall be informed by the supervisors of the elections of the provisions of this rule, i.e., the ten day extension provision for the presidential preference primary and general election, and the provision for the second primary.

21.      Section 101.6105 of the Florida Statutes provides:

> The provisions of the election code relating to absentee voting and absentee ballots shall apply to elections under 55.101.6101-101.6107 only insofar as they do not conflict with the provisions of 55.101.6101-101.61.07.

22.      Section 18-2.013 of the Florida Administrative Code is in direct conflict with Section 101.6103(5) and (6), 101.65 and 101.67 of the Florida Statutes.  Therefore, Section 18-2.013 does not apply.

23.      By counting absentee ballots which arrived at the county canvassing boards or election boards after 7 p.m. on November 7, 2000, the county canvassing boards and election boards violated Sections 101.6103(5) and (6), 101.65 and 101.67 of the Florida Statutes.

24.      By counting absentee ballots which arrived at the county canvassing boards or election boards after 7 p.m. on November 7, 2000, in their certification, defendant State of Florida Canvassing Commission and defendant Harris violated Section 101.6103(5) and (6), 101.65 and Section 101.67 of the Florida Statutes.  Since, as set forth in paragraph 18 above, the electors of Gore-Lieberman received more votes in the State of Florida than the electors of

6

defendants Bush and Cheney if the ballots which arrived at the county canvassing boards or election boards after 7 p.m. on November 7, 2000, are not counted, the certification of the electors of defendants Bush and Cheney as having won the presidential election in Florida by defendant State of Florida Canvassing Board and defendant Harris was contrary to the law.

25.    Section 102.168 of the Florida Statutes states that the grounds for an election contest include:

*        *        *

(c)    Receipt of a number of illegal votes * * * sufficient to change or place in doubt the result of the election.

*        *        *

(e)    Any other cause or allegation which, if sustained, would show that a person other than the successful candidate was the person duly nominated or elected to the office in question * * *.

26.    As set forth in paragraphs 18, 23 and 24 above, the county canvassing and election boards and defendant State of Florida Canvassing Commission and defendant Harris received and counted illegal votes sufficient to change or, at the least, place in doubt the result of the presidential election in the State of Florida and the proper counting of absentee ballots would show that the electors of Al Gore and Joseph Lieberman, rather than the electors of defendants Bush and Cheney, were the persons duly elected in the November 7, 2000, election.

<u>Relief</u>

Section 102.168 of Florida Statutes provides that:

(8) The circuit judge to whom the contest is presented may fashion such orders as he or she deems necessary * * * to prevent or correct any alleged wrong, and to provide any relief appropriate under such circumstances.

7

Plaintiffs respectfully request that this Court exercise its authority pursuant to Section 102.168(8) of the Florida Statutes and issue an order:

a.    Declaring illegal the counting of any ballots received by the county canvassing or election boards after 7 p.m. on November 7, 2000, in the certification of defendant State of Florida Election Canvassing Commission and defendant Harris;

b.    Requiring defendant State of Florida Election Commission and defendant Harris to amend the certification of election issued on November 26, 2000, so as not to count any ballots received by the county canvassing or election boards after 7 p.m. on November 7, 2000:

(c)    Requiring defendant States of Florida Election Commission and defendant Harris to issue a new or amended certification that the electors of Al Gore and Joseph Lieberman received the most votes in the presidential race in the State of Florida and therefore these electors shall be deemed elected; and

(d)    Providing such further relief as the Court deems just and appropriate.

Respectfully submitted,


Steven Seliger –Armando Garcia
16 North Adams Street
Quincy, Florida 32351
FL Bar I.D. No. 244597

(850) 875-4668
(850) 875-2310 (FAX)
December 4, 2000

Bruce J. Terris, D.C. Bar No. #47126
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100

8

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA



| | |
|---|---|
| Steven Medina, 322 Yacht Club Drive, Fort Walton Beach, Fla. 32548 | ) ) ) |
| Daniel H. Donaldson, 1648 Seminole Road Jacksonville, Fla. 32205 | ) ) ) |
| Bob Nied, 2348 Smullian Trail North Jacksonville, Fla. 32217 | ) ) ) |
| Brian Vonn, 512 11th Avenue, South Jacksonville Beach, Fla. 32250 | ) ) ) |
| Cheryl Vonn, 512 11th Avenue, South Jacksonville Beach, Fla. 32250 | ) ) ) |
| Dave Jantz, 12770 Wilderness Lane East Jacksonville, Fla. 32217 | ) ) ) |
| Jennifer Durr, 1367 Elm Bank Way Royal Palm Beach, Fla. 33411 | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| State of Florida Election Canvassing Commission, Katherine Harris, the Secretary of State of Florida, George W. Bush and Richard Cheney | ) ) ) ) ) |
| Defendants. | ) ) |

PLAINTIFFS' MOTION TO EXPEDITE

Plaintiffs have filed a complaint under Section 102.168 of the Florida statutes contesting the certification of the electors of defendants Bush and Gore as winners of the presidential election in the State of Florida.

Section 102.168(7) of the Florida Statutes provides that "[a]ny * * * qualified elector * * * presenting such a contest to a circuit judge is entitled to an immediate hearing."

Plaintiffs have filed a motion for summary judgment. Plaintiffs submit that there is no issue of fact requiring an evidentiary hearing. Plaintiffs therefore request an immediate hearing to allow oral argument on plaintiffs' motion for summary judgment.

Respectfully submitted,

Steven Seliger
16 North Adams Street
Quincy, Florida 32351
FL Bar I.D. No. 244597

Bruce J. Terris, D.C. Bar No. #47126
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100

December 4, 2000

2

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

00-2875

*FILE*

*00 DEC -5 PM 1:11*
*DAVE LANG*
*CLERK CIRCUIT COURT*
*LEON COUNTY, FLORIDA*

*FILED*

| | |
|---|---|
| Steven Medina, 322 Yacht Club Drive, Fort Walton Beach, Fla. 32548 | ) |
| Daniel H. Donaldson, 1648 Seminole Road Jacksonville, Fla. 32205 | ) |
| Bob Nied, 2348 Smullian Trail North Jacksonville, Fla. 32217 | ) |
| Brian Vonn, 512 11th Avenue, South Jacksonville Beach, Fla. 32250 | ) |
| Cheryl Vonn, 512 11th Avenue, South Jacksonville Beach, Fla. 32250 | ) |
| Dave Jantz, 12770 Wilderness Lane East Jacksonville, Fla. 32217 | ) |
| Jennifer Durr, 1367 Elm Bank Way Royal Palm Beach, Fla. 33411 | ) |
| Plaintiffs, | ) |
| v. | ) |
| State of Florida Election Canvassing Commission, Katherine Harris, the Secretary of State of Florida, George W. Bush and Richard Cheney | ) |
| Defendants. | ) |

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs hereby move for summary judgment for the reasons set forth in the

accompanying memorandum. A proposed order is attached.

Plaintiffs request an immediate hearing.

_____          _____
Steven Seliger                            Bruce J. Terris, D.C. Bar No. #47126
16 North Adams Street                     Terris, Pravlik & Millian, LLP
Quincy, Florida  32351                    1121 12th Street, N.W.
FL Bar I.D. No. 244597                    Washington, D.C.  20005-4632
                                          (202) 682-2100

December 4, 2000

2

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA



Steven Medina, 322 Yacht Club Drive,      )
Fort Walton Beach. Fla. 32548             )
                                          )
Daniel H. Donaldson, 1648 Seminole Road   )
Jacksonville, Fla. 32205                  )
                                          )
Bob Nied, 2348 Smullian Trail North       )
Jacksonville, Fla. 32217                  )
                                          )
Brian Vonn, 512 11th Avenue, South        )
Jacksonville Beach, Fla. 32250            )
                                          )
Cheryl Vonn, 512 11th Avenue, South       )
Jacksonville Beach, Fla. 32250            )
                                          )
Dave Jantz, 12770 Wilderness Lane East    )
Jacksonville, Fla. 32217                  )
                                          )
Jennifer Durr, 1367 Elm Bank Way          )
Royal Palm Beach. Fla. 33411              )
                                          )
            Plaintiffs,                   )
                                          )
                v.                        )
                                          )
State of Florida Election                 )
Canvassing Commission, Katherine          )
Harris, the Secretary of State  of Florida, )
George W. Bush and Richard Cheney         )
                                          )
            Defendants.                   )
_____ )

PLAINTIFF'S MOTION TO HAVE COUNSEL ADMITTED PRO HAC VICE

Pursuant to Rule 1-3.2(a) of the Rules Regulating the Florida Bar and to Rule 2.060(b) of

the Florida Rules of Judicial Administration, plaintiffs hereby request that his counsel, Bruce J.

Terris, of the law firm of Terris. Pravlik & Millian, LLP, be permitted to practice before this

Court for the purpose of representing the plaintiffs in this action.

In support of this motion, plaintiffs are submitting an affidavit of Mr. Terris. Mr. Terris's affidavit shows that he is an active member and in good standing with the Bar of the District of Columbia. Pl. Ex. 1, p. 1, para. 2.

In the past three years. Mr. Terris has not filed a motion to be admitted pro hac vice before a Florida state court in a single case. Pl. Ex. 1, para. 5. That case involved the enforcement of a judgment of the Superior Court of the District of Columbia. The case was settled soon after it was filed.

Mr. Terris is serving as trial counsel in a case before the United States District Court for the Middle District of Florida. *Bander v. Bellsouth Advertising and Publishing Corp.*, No. 99-802 Civ-Orl-18A, filed June 29. 1999. Pl. Ex. 1, para. 6. In order to participate in that case, Mr. Terris filed a Notice of Retaining Local Counsel Pursuant to Local Rule 2.02(a) of the Rules of the United States District Court for the Middle District of Florida. *Ibid.*

Respectfully submitted,


Steven Seliger
16 North Adams Street
Quincy, Florida 32351
FL Bar I.D. No. 244597

Bruce J. Terris, D.C. Bar No. #47126
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100


December 4, 2000

2



IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

Steven Medina, 322 Yacht Club Drive,    )
Fort Walton Beach, Fla. 32548    )
    )
Daniel H. Donaldson, 1648 Seminole Road    )
Jacksonville, Fla. 32205    )
    )
Bob Nied, 2348 Smullian Trail North    )
Jacksonville, Fla. 32217    )
    )
Brian Vonn, 512 11th Avenue, South    )
Jacksonville Beach, Fla. 32250    )
    )
Cheryl Vonn, 512 11th Avenue, South    )
Jacksonville Beach, Fla. 32250    )
    )
Dave Jantz, 12770 Wilderness Lane East    )
Jacksonville, Fla. 32217    )
    )
Jennifer Durr, 1367 Elm Bank Way    )
Royal Palm Beach, Fla. 33411    )
    )
            Plaintiffs,    )
    )
        v.    )
    )
State of Florida Election    )
Canvassing Commission, Katherine    )
Harris, the Secretary of State of Florida,    )
George W. Bush and Richard Cheney    )
    )
            Defendants.    )
_____    )

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

FACTUAL BACKGROUND

    On November 7, 2000, the election of presidential electors was held in the State of

Florida and elsewhere in the United States. Subsequent to November 7, 2000, the county

canvassing or election boards in Florida received mail ballots from overseas which had postmarks on or before November 7, 2000, or were otherwise deemed to have been mailed on or before November 7, 2000. The county canvassing or election boards counted these ballots as long as they were received on or before November 17, 2000.

The vote totals certified by the county canvassing or election boards to defendant Katherine Harris, the Secretary of State of Florida on or after November 17, 2000, included the mail ballot votes received after 7 p.m. on November 7, 2000, and on or before November 17, 2000. Defendant State of Florida Election Canvassing Canvassee and defendant Harris, in turn, included these votes in the certification of the election of the electors of defendants Bush and Cheney on November 26, 2000.

If the votes for the electors of both Bush-Cheney and Gore-Lieberman contained in the ballots received by the county canvassing and election boards after 7 p.m. on November 7, 2000, and on or before November 17, 2000, are deducted from the total votes certified by defendant State of Florida Election Canvassing Commission and defendant Harris on November 26, 2000, the electors of Al Gore and Joseph Lieberman received more votes in the State of Florida than the electors of defendants Bush and Cheney. Consequently, the validity of the votes received by the county canvassing and election boards after 7 p.m. on November 7, 2000, and on or before November 17, 2000, will, aside from all other contests, determine the outcome of the presidential election in the State of Florida.[1]

ARGUMENT

---

[1] The only caveat to this statement is if the contests of defendants Bush and Cheney result in additional votes for them based on their contests.

2

Section 101.6103 of the Florida Statute provides as follows as to mail ballots:

> (5) A ballot shall be counted only if:
>
> \*      \*      \*
>
> (c)      It is received by the supervisor of elections not later than 7 p.m. on
>
> the date of the election.
>
> \*      \*      \*
>
> (6)  With respect to absent electors overseas entitled to vote in the election, the supervisor of elections shall mail an official ballot with a secrecy envelope, a return mailing envelope and instructions sufficient to describe the voting process to each such elector on a date sufficient to allow such elector time to vote in the election and to have his or her mailed ballot reach the supervisor by 7 p.m. on the day of the election.

Section 101.65 of the Florida Statutes further provides:

> The supervisor shall enclose with each absentee ballot separate printed instructions in substantially the following form:
>
> READ THESE INSTRUCTIONS CAREFULLY BEFORE MARKING BALLOT.
>
> 1.VERY IMPORTANT.  In order to ensure that your absentee ballot will be counted, it should be completed and returned as soon as possible so that it can reach the supervisor of elections of the county in which your precinct is located no later than 7 p.m. on the day of the election.

Section 101.67 of the Florida Statutes similarly provides:

> (2)  All mailed absent elector's ballots to be counted must be received by the supervisor by 7 p.m. the day of the election.

Thus, Florida law explicitly provides, without the slightest ambiguity, that no ballots, including ballots from overseas, may be counted unless received by the county canvassing and election boards before 7 p.m. on election day, this year on November 7, 2000.

3

Section 18-2.013 of the Florida Administrative Code provides:

> (7)  With respect to the presidential primary and general election, any absentee
> ballot cast for a federal office by an overseas elector which is postmarked or
> signed and dated no later than the date of the Federal election shall be counted if
> received no later than 10 days from the date of the Federal election as long as
> electors shall be informed by the supervisors of the elections of the provisions of
> this rule, i.e., the ten day extension provision for the presidential preference
> primary and general election, and the provision for the second primary.

Thus, the regulations, Section 18-2.013 of the Florida Administrative Code provide that overseas

absentee ballots shall be counted if received by ten days after the date of the election, this year by

November 17, 2000.  This provision is obviously and directly inconsistent with Sections

101.6103(5) and (6) and 101.67 of the Florida Statutes.

There can be no question when there is a conflict between a statute and a regulation

which prevails.  It is a truism of administrative law that when such a conflict occurs, the

regulation is invalid.  However, if there were any doubt about this proposition, the Florida

legislature has specifically resolved it.  Section 101.6105 of the Florida Statutes provides:

> The provisions of the election code relating to absentee voting and absentee
> ballots shall apply to elections under 55.101.6101-101.6107 only insofar as they
> do not conflict with the provisions of 55.101.6101-101.6107.

Since Section 18-2.013 of the Florida Administrative Code is in direct conflict with

Section 101.6103(5) and (6) and 101.67 of the Florida Statutes, Section 18-2.013 does not apply.

Sections 101.6103(5) and (6) and 101.67 of the Florida Statutes are explicit.  There is no

conflict between these provisions and any other provisions of Florida Statutes.  Cf. *Palm Beach*

*County Canvassing Board v. Harris*, Nos. SC00-2346, SC00-2348, SC00-2349, Fla. Supreme

Court, decided November 21, 2000, vacated and remanded, *Bush v. Palm Beach County*

*Canvassing Board*, No. 00-36, Supreme Court, decided December 4, 2000.  However, if there

4

were any doubt as to the meaning of the statute, the Florida appellate courts have held that the absentee ballot provisions of the Florida Statutes are to be strictly construed. *Parra v. Harvey*, 89 So. 2d 870 (1956) (determining that the candidate which previously had fewer notes was the winner); *Papy v. Englander*, 267 So. 2d 111 (Fla. App. 3 Dist. 1972) (invalidating absentee ballots received after 7 p.m. on election day). It follows, *a fortiori* that the four times repeated explicit language of the statute must be followed.

In *Wood v. Diefenbach*, 81 So. 2d 777 (Fla. 1955), the Florida Supreme Court stated that "compliance with the statutory requirements for absentee voting were [sic] mandatory and * * * the failure to so require was fatal to the ballot cast." One of the violations of law, which was found to be fatal was absentee ballots "not returned within the time provided by law." *Accord, Papy v. Englander, supra*, 267 So. 2d 111 (based on this and other violations, the court refused to count the absentee ballots and determined that the candidate who previously had fewer votes was the winner of the election).

Defendants will doubtless argue that the absentee voters received instructions from the county canvassing and election boards allowing them to return their ballots after election day as long as they were postmarked by 7 p.m. on election day. However, that error by election officials, while extremely unfortunate, does not allow the clear statutory mandate to be ignored. The Florida Supreme Court considered this precise question in *Parra v. Harvey, supra*, 89 So. 2d 870, and refused to allow the absentee ballots to be counted. There, the absentee voters submitted legally inadequate application blanks for ballots which the election officials had supplied them. The court held that, "[a]lthough we cannot condone the furnishing of improper application blanks," the voter who "disregards statutory provisions that he should follow to make

5

his ballot regular in all particulars * * * will not then be heard to claim that his ballot should be counted because he was innocent * **."[2]

Defendants will also presumably argue that the Section 18-2.013 of the Florida Administrative Code is based on a consent decree entered between the United States and the State of Florida. However, a consent decree cannot change a state statute which provides explicitly to the contrary. The executive brand of the State of Florida has no authority to override the will of the legislature.

The consent decree is only binding on the State of Florida if federal law required the State to count absentee ballots which arrived after the statutory deadline of 7 p.m. on election day. However, no federal statute so provides. This is demonstrated by the fact that, as Attachment A shows, an overwhelming majority of the states do not allow the counting of absentee ballots, international or otherwise, which are received after election day.

The importance of the statutory provisions relied upon by plaintiffs is reinforced by the decision of the United States Supreme Court in *Bush v. Palm Beach County Canvassing Board*, No. 00-836, U.S. Supreme Court, on December 4, 2000. There, the Court relied on Article II, Section 1, clause 2 of the Constitution and *McPherson v. Blacker*, 146 U.S. 1 (1892), to emphasize the special role of the legislature in presidential elections. Thus, the statutory provisions relevant to this case are even more clearly controlling than in the ordinary election case.

---

[2] We note that numerous other voters in this election have unfortunately also been denied the right to cast the votes of their choice due to mistakes of election officials. *See, e.g., Fladell v. Palm Beach County*, Nos. SC00-2373, SC00-2376, Florida Supreme Court, decided December 1, 2000.

The outcome in this case would be self-evident if the election at issue was for a city, county or even a state office. As we have seen above, the Florida courts have held that absentee ballots arriving after 7 p.m. on election day in conformance with the statute cannot be counted. The Florida Supreme Court has at least twice determined to overturn the election of a candidate by invalidating absentee ballots which did not fully conform to the statute.

Here, of course, the subject matter of this litigation is a far more important election, the election of the President of the United States. However, this is not a reason for failing to apply the rule of law. On the contrary, there is even more reason to require that the law be followed.

In short, by counting absentee ballots which arrived the county canvassing boards or election boards after 7 p.m. on November 7, 2000, the county canvassing boards and election boards violated Sections 101.6103(5) and (6), 101.65 and 101.67 of the Florida Statutes. Similarly, by counting absentee ballots which arrived at the county canvassing boards or election boards after 7 p.m. on November 7, 2000, in their certification, defendant State of Florida Canvassing Commission and defendant Harris violated Section 101.6103(5) and (6), 101.65 and Section 101.67 of the Florida Statutes.

Section 102.168 of the Florida Statutes state that the grounds for an election contest include:

                    *         *         *

    (c)    Receipt of a number of illegal votes * * * sufficient to change or place in doubt the result of the election

                    *         *         *

    (e)    Any other cause or allegation which, if sustained, would show that a person other than the successful candidate was the person duly nominated

7

or elected to the office in question * * *.

The county canvassing and election boards and defendant State of Florida Canvassing Commission and defendant Harris received and counted illegal votes sufficient to change or, at the least, place in doubt the result of the presidential election in the State of Florida and the rejection of improper absentee ballots would show that the electors of Al Gore and Joseph Lieberman, rather than the electors of defendants Bush and Cheney, were the persons duly elected in the November 7, 2000, election. As Attachment B demonstrates, the official results certified by defendant State of Florida Election Canvassing Commission and defendant Harris on November 26, 2000, state that the electors of Bush-Cheney electors received a total of 2,912,790 votes and the electors of Gore-Lieberman received 2,912,253 votes, a difference of 537. The official results also show that the electors of Bush-Cheney received 1,575 votes which were received after 7 p.m. on November 7, 2000, and Gore-Lieberman received 836 such votes, a difference of 739 votes. Thus, if the votes received after 7 p.m. on November 7, 2000, are not counted, the electors of Gore-Lieberman would win the election.

CONCLUSION

Section 102.168 of Florida Statutes provides that:

(8) The circuit judge to whom the contest is presented may fashion such orders as he or she deems necessary * * * to prevent or correct any alleged wrong, and to provide any relief appropriate under such circumstances.

Based on Section 102.168(8), plaintiffs respectfully request that this Court exercise its authority pursuant to that provision and issue an order:

      a.      Declaring illegal the counting of any ballots received by the county canvassing or election boards after 7 p.m. on November 7, 2000, in the certification of defendant State of

8

Florida Election Canvassing Commission and defendant Harris; and

b.     Requiring defendant State of Florida Election Commission and defendant Harris to amend the certification of election issued on November 26, 2000, so as not to count any ballots received by the county canvassing or election boards after 7 p.m. on November 7, 2000;

(c)     Requiring defendant States of Florida Election Commission and defendant Harris to issue a new or amended certification that the electors of Al Gore and Joseph Lieberman received the most votes in the presidential race in the State of Florida and therefore these electors shall be deemed elected.

Respectfully submitted,


Steven Seliger
16 North Adams Street
Quincy, Florida 32351
FL Bar I.D. No. 244597

Bruce J. Terris, D.C. Bar No. #47126
Terris, Pravlik & Millian, LLP
1121 12th Street, N.W.
Washington, D.C. 20005-4632
(202) 682-2100


December 4, 2000



# Federal Election Commission



| Jump to another section of this site ▼ |

## Frequently Asked Questions About Absentee Voting

**Q.** How do I obtain an absentee ballot?

**A.** You may request an absente ballot by contacting your local county or city election official. Depending on your State, this individual may be the County Clerk, County Auditor, County Registrar or Supervisor of Elections, or the Board of Elections. In most cases the phone number for these offices is listed in the blue government pages of you phone book.

**Q.** I'm a member of the armed forces stationed overseas. How can I vote by absentee ballot?

**A.** The Federal Voting Assistance Program (FVAP) in the Office of the Secretary of Defense is responsible for administering the *Uniformed and Overseas Citizens Absentee Voting Act.* This law provides that members of the U.S. Uniformed Services and merchant marine and their family members may vote absentee while away from their place of voting residence, wherever stationed, within or outside the United States. For detailed information on registering and obtaining an absentee ballot, please visit the FVAP web site at www.fvap.ncr.gov , or call 1-800-438-VOTE.

**Q.** I'm a U.S. citizen currently residing abroad. How can I vote by absentee ballot?

**A.** The FVAP also serves non-military U.S. citizens residing abroad by helping them to register and vote by absentee ballot.

**Q.** What is the cut-off date for the receipt of absentee ballots in my

**Q.** Does the return envelope for my absentee ballot need to be

**Q.** When are absentee ballots normally counted in my State?

**Q.** Who can obtain an absentee ballot in my State?

| STATE | WHEN ARE ABSENTEE BALLOTS NORMALLY COUNTED | WHO NORMALLY COUNTS ABSENTEE BALLOTS |
|---|---|---|
| AL | CLOSE OF POLLS | POLLWORKERS |
| AK | 8PM ELECTION DAY | DIST. AB BALLOT COUNT BOARD |
| AZ | ELECTION DAY & 5 DAYS BEYOND | CENTRAL COUNTING |
| AR | 7:30 PM ELECTION DAY | ABSENT ELECTION BOARD |
| CA | 5PM DAY BEFORE ELECTION | SPECIAL COUNTING BOARD |
| CO | 10 DAYS PRIOR TO CLOSE ELEC NIGHT | AT LEAST 3 COUNTY JUDGES |
| CT | NOT BEFORE NOON ELECT. DAY | ABSENTEE BALLOT COUNTERS |
| DE | PRIOR TO CLOSE OF POLLS | ELECTION JUDGES |
| DC | UP TO 10 DAYS AFTER ELECTION | D.C. BOARD OF ELECTIONS |
| FL | 7PM ELECTION DAY | COUNTY CANVASSING BOARD |
| GA | CLOSE OF POLLS | ABSENTEE BALLOT MANGER |
| HI | ELECTION DAY | CHIEF ELECTION OFFICER |
| ID | CLOSE OF POLLS | COUNTY CLERKS & ELECTION JUDGES |
| IL | CLOSE OF POLLS | PANEL OF ELECTION JUDGES |
| IN | ELECTION DAY | PREC  ELEC. or CENTRALCOUNTING BOARD |
| IA | ELECTION DAY | ELECTION BOARD |
| KS | OPENING OF POLLS (COUNTY) | SPECIAL ELECTION BOARD |
| KY | BEG. 3PM ELECT. DAY | COUNTY BOARD OF ELECTIONS |
| LA | AFTER 1PM BEFORE 8PM D.O.E. | BOARD OF ELECTION SUPERVISORS |
| ME | CLOSE OF POLLS OR PRIOR* | ELECTION CLERKS |
| MD | 10 am THURS. AFTER ELECTION DAY | COUNTY BOARD |
| MA | ELECTION DAY | LOCAL ELECTION OFFICIAL |
| MI | CLOSE OF POLLS/7AM OPTION | PRECINCT ELECTION or ABSENT VOTER BD |
| MN | 8PM ELECTION DAY | ELECTION JUDGES |
| MS | CLOSE OF POLLS | PRECINCT ELECTION MANAGERS |
| MO | ELECTION DAY (may prepare earlier) | ELECTION JUDGES BIPART. TEAMS |
| MT | PRIOR TO CLOSE/NOT BEFORE OPEN | ABSENTEE BALLOT COUNTING BOARD |
| NE | TIME SE T BY CO. ELECT. OFFICER | ABSENT VOTERS COUNTING BOARD |
| NV | ELECTION DAY | ABSENTEE BALLOT COUNTING BOARD |
| NH | CLOSE OF POLLS | PRECINCT MODERATOR |
| NJ | ELECTION DAY | COUNTY BOARD OF ELECTIONS |
| NM | 7PM ELECTION DAY | ABSENTEE VOTER PRECINCT BOARD |
| NY | CLOSE OF POLLS | INSP. OF ELECT/ CENTRAL COUNTING |
| NC | 5PM ELECTION DAY | COUNTY BOARD OF ELECTIONS |
| ND | CLOSE OF POLLS | ABSENTEE BALLOT COUNTING BOARD |
| OH | CLOSE OF POLLS | SPECIAL ELECTION JUDGES |
| OK | 7PM ELECTION DAY | COUNTY ELECTION BOARD |
| OR | UPON DELIVERY OF POLL BOOKS | ELECTION OFFICIAL |
| PA | CLOSE OF POLLS | PRECINCT ELECTION BOARD |
| RI | 9PM ELECTION DAY | STATE BOARD OF ELECTIONS |
| SC | 7PM ELECTION DAY | ABSENTEE POLL MANAGERS |

| | | |
|---|---|---|
| SD | CLOSE OF POLLS | AB BIT BOARD/PRECINCT CANV. BOARD |
| TN | OPENING OF POLLS | CENTRAL AB. BALLOT COUNT BOARD |
| TX | ELECTION DAY** | EARLY VOTING BALLOT BOARD |
| UT | ELECTION DAY OR MON. AFTER ELECT. | ELECTION JUDGES |
| VT | CLOSE OF POLLS | BIPARTISAN ELECTION JUDGES |
| VA | CLOSE OF POLLS | ELECT OFF/CENTRAL COUNT |
| WA | 8PM ELECTION DAY & PRIOR TO CERT. | CANVASSING BOARD |
| WV | CLOSE OF POLLS | PRECINCT ELECTION COMMISSIONERS |
| WI | BETWEEN OPEN AND CLOSE OF POLLS | WARD ELECTION INSPECTORS |
| WY | CLOSE OF POLLS | CNTY CLERK OR 3 ELECTION JUDGES |

| STATE | ENVELOPES SIGNED BY WITNESS OR NOTARY | CUT-OFF FOR RECEIVING ABSENTEE BALLOTS |
|---|---|---|
| AL | NOTARY OR 2 WITNESSES | CLOSE OF POLLS ON ELECTION DAY |
| AK | NOTARY OR 2 WITNESSES | NLT 10 DAYS AFTER ELECTION/15 OVERSEAS |
| AZ | No | 7PM ELECTION DAY |
| AR | No | 7:30PM ELECT/NLT 5PM 10 DAYS AFTER |
| CA | No | 8PM ELECTION DAY |
| CO | No | 7PM ELECTION DAY |
| CT | No | 8PM ELECTION DAY |
| DE | NOTARY OR WITNESS* | NOON DAY BEFORE ELECTION |
| DC | No | 10 DAYS AFTER ELECTION** |
| FL | ONE WITNESS & ADDRESS | 7PM ELECTION DAY |
| GA | ONLY IS ASSISTED (W) | CLOSE OF POLLS |
| HI | ONLY IS ASSISTED (W) | CLOSE OF POLLS |
| ID | No | 8PM ELECTION DAY |
| IL | No | CLOSE OF POLLS |
| IN | No | CLOSE OF POLLS |
| IA | No | CLOSE OF POLLS/W POSTMARK NLT MON AFTER ELECTION |
| KS | No | CLOSE OF POLLS |
| KY | No | CLOSE OF POLLS |

12/4/00

| | | |
|---|---|---|
| LA | NOTARY OR 2 WITNESSES | MIDNIGHT DAY BEFORE ELECTION |
| ME | NOTARY OR 2 WITNESSES^ | CLOSE OF POLLS |
| MD | No | FRIDAY WEEK AFTER ELECTION^* |
| MA | No | 10 DAYS AFTER ELECTION FOR GENERAL |
| MI | ONLY IF ASSISTED (W) | 8PM ELECTION DAY |
| MN | NOTARY OR 1 WITNESS | LAST MAIL DELIVERY ELECTION DAY |
| MS | WITNESS | |
| MO | NOTARY* | CLOSE OF POLLS |
| MT | No | CLOSE OF POLLS |
| NE | WITNESS | 10AM SECOND DAY AFTER ELECTION |
| NV | No | CLOSE OF POLLS |
| NH | No | 5PM DAY BEFORE ELECTION |
| NJ | WITNESS OR NOTARY | 8PM ELECTION DAY |
| NM | No | 7PM ELECTION DAY |
| NY | ONLY IF ASSISTED (W) | POSTMARKED DAY BEFORE ELECTION |
| NC | 2 WITNESSES | 5PM DAY BEFORE ELECTION |
| ND | ONLY IF ASSISTED (W) | WITHIN 2 DAYS AFTER ELECTION |
| OH | No | CLOSE OF POLLS |
| OK | NOTARY OR WITNESS*, ^^ | 7PM ELECTION DAY |
| OR | No | 8PM ELECTION DAY |
| PA | ONLY IF ASSISTED (W) | 5PM FRIDAY BEFORE ELECTION |
| RI | NOTARY OR 2 WITNESSES | 9PM ELECTION DAY |
| SC | WITNESS | CLOSE OF POLLS |
| SD | No | CLOSE OF POLLS |
| TN | WITNESS IF ASSISTED | CLOSE OF POLLS |
| TX | IF UNABLE TO SIGN | BEFORE CLOSE OF POLLS^** |
| UT | ONLY IF ASSISTED (W) | NOON MONDAY FOLLOWING ELECTION |
| VT | No | CLOSE OF POLLS |

| | | |
|---|---|---|
| VA | WITNESS | CLOSE OF POLLS |
| WA | No | NLT 10 DAYS |
| WV | No | CLOSE OF POLLS |
| WI | WITNESS | CLOSE OF POLLS |
| WY | No | 7PM ELECTION DAY |



Federal Election Commission | 999 E. Street, NW | Washington, DC 20463
(800) 424-9530 | In Washington (202) 694-1100
For the hearing impaired, TTY (202) 219-3336

Send comments and suggestions about this site to: webmaster@fec.gov
FEC Privacy Policy | Viewing Requirements

Attachment B

## Florida Department of State
## Division of Elections

*Official Results*

President of the United States

| | Bush / Cheney (REP) | Gore / Lieberman (DEM) | Browne / Olivier (LIB) | Nader / LaDuke (GRE) | Harris / Trowe (SWP) | Hagelin / Goldhaber (LAW) | Buchanan / Foster (REF) | McReynolds / Hollis (SPF) | Phillips / Frazier (CPF) | Moorehead / La Riva (WWP) | Chote / Lancaster (WRI) | McCarthy / Belfus (WRI) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sub Total | 2,911,215 | 2,911,417 | 16,407 | 97,426 | 562 | 2,280 | 17,479 | 621 | 1,370 | 1,803 | 34 | 6 |
| ... | 1,575 | 836 | 8 | 62 | 0 | 1 | 5 | 1 | 1 | 1 | 0 | 0 |
| Total | 2,912,790 | 2,912,253 | 16,415 | 97,488 | 562 | 2,281 | 17,484 | 622 | 1,371 | 1,804 | 34 | 6 |
| Percent | 48.8% | 48.8% | 0.3% | 1.6% | 0.0% | 0.0% | 0.3% | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |

12/4/00